# IN THE COURT OF APPEALS OF IOWA

No. 21-1108
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CURTIS T. JARRETT,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

Curtis Jarrett appeals the denial of his motion in arrest of judgment, claiming he was forced to plead guilty. **AFFIRMED.**

Chris Raker, East Dubuque, Illinois, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCOTT, Senior Judge.**

On May 17, 2021, Curtis Jarrett filed a written guilty plea to the charge of assault on persons engaged in certain occupations[1]: "I assaulted a police officer, who I knew to be a police officer, by committing an act that I knew would be offens[ive] and insulting to the officer." Jarret initialed the paragraph that states, "I expressly waive my right to be present and participate in an in-court colloquy, and I waive my right to a verbatim record of the proceedings." The court accepted the plea on May 18 and notified Jarrett that a motion in arrest of judgment was required to contest the adequacy of the plea and "must be filed no later than forty-five days after the guilty plea."

Fifty days later, on July 6, Jarrett filed a motion in arrest of judgment contending "there is insufficient evidence to prove his guilt."[2] On July 9, the court held a hearing on the motion in arrest of judgment wherein Jarrett insisted he felt forced to plead guilty. Jarrett stated his defense attorney "told [him] going into trial that [he] didn't have a winning chance." He asserted the video evidence he reviewed with counsel did not show him spitting on the officer.

The court issued a written ruling that same date, denying the motion to set aside his plea because "[t]his is not a case of the defendant being coerced into a guilty plea." Jarrett appeals.

---

[1] *See* Iowa Code § 708.3A (2019). He also pled guilty to interference with official acts, a simple misdemeanor, which he does not challenge on appeal.

[2] The State does not challenge the timeliness of the motion in arrest of judgment on appeal, and such was not challenged in the district court. *See State v. Tubbs*, 690 N.W.2d 911, 914 (Iowa 2005).

Jarrett has no right of appeal following his guilty plea and does not argue he has good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3).

Nonetheless, we may treat his appeal as a request for discretionary review. *See* Iowa R. App. P. 6.108. Iowa Code section 814.6(2)(f) allows us to grant discretionary review from "[a]n order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim." *See State v. Scott*, No. 20-1453, 2022 WL 610570, at *3–5 (Iowa Ct. App. Mar. 2, 2022) (bypassing defendant's good-cause argument to appeal from a guilty plea and granting discretionary review of an order denying his motion in arrest of judgment).

Here, in finding Jarrett was not coerced into pleading guilty, the trial court noted Jarrett's claims were similar to those where defendants reluctantly accept their attorney's assessment of their cases and accept a plea. *See State v. Stufflebeam*, No. 03-1164, 2004 WL 434182, at *2 (Iowa Ct. App. Mar. 10, 2004) ("The fact the advice is unwillingly or reluctantly accepted does not mean there was overreaching of the defendant's free will and judgment."). The district court implicitly found Jarrett's claim of coercion not credible, and we defer to a district court's credibility findings. *See id.* We find no abuse of discretion in the district court's refusal to allow the withdraw of Jarrett's guilty plea.

Having granted discretionary review, we affirm Jarrett's conviction.

**AFFIRMED.**